IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROBERT ALSOBROOK, § § § § § § § § § | |
| Plaintiff, | |
| V. | CIVIL NO. 2:15-cv-1776 |
| PILGRIM'S PRIDE CORPORATION, | |
| Defendant | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Robert Alsobrook, Plaintiff, complaining of Pilgrim's Pride Corporation ("Pilgrim's Pride"), Defendant, and would respectfully show:

PARTIES

1. Plaintiff Robert Alsobrook is a citizen of Texas as well as the United States and has been domiciled at all material times in Upshur County, Texas.

2. Defendant Pilgrim's Pride Corporation is a Delaware corporation doing business in Texas with its principal place of business in a State other than Texas.

3. Defendant Pilgrim's Pride Corporation may be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 21 E. 7th Street, Suite 620,

Austin, Travis County, Texas 78701-3218 (Telephone: 512-397-1550), or wherever said agent may be found.

## JURISDICTION

4. There is a diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Jurisdiction in this judicial district therefore exists under 28 U.S.C. § 1332.

5. This suit includes claims for recovery of benefits under the Pilgrim's Pride Corporation Partner Protection Plan ("the Plan"). Pilgrim's Pride is the Plan Sponsor and Plan Administrator. At all times material, Plaintiff was an employee of Pilgrim's Pride Corporation and was a Participant in the Plan.

6. This court has subject matter jurisdiction because this is a civil action brought under the Employment Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 et seq. and more specifically §§1109 and 1132 of such Act.

## VENUE

7. Venue is proper in the United States District Court for the Eastern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions complained of occurred within the District. As to Plaintiff's ERISA claims, venue is proper in the United States District Court for the Eastern District of Texas under 29 U.S.C.A.§1132(e)(2) because the transactions giving rise to this litigation and complained of herein occurred in the Eastern District of Texas.

## STATEMENT OF CLAIM

8. On or about March 23, 2015, Plaintiff sustained personal injuries on the premises of Defendant's feed mill plant located on 110 S. Texas Street, Pittsburg, Camp County, Texas.

9. At all times material, the premises were owned or otherwise under the control of Defendant.

10. Plaintiff received his injuries in the course and scope of his employment for Defendant when he fell from a catwalk inside Defendant's feed mill, falling approximately 20 feet to the ground.

11. The catwalk did not have proper guard rails or safety railings.

12. If Defendant had guard rails or safety railings in place that were in compliance with OSHA and industry standards, this accident and Plaintiff's injuries would have been prevented.

13. Defendant Pilgrim's Pride Corporation was either Plaintiff's employer, or otherwise retained or exercised a right of control over the workplace and Plaintiff's work within the workplace.

14. Although Defendant Pilgrim's Pride Corporation was an employer in Texas of one (1) or more persons, said Defendant failed to have workers' compensation insurance coverage on the occasion in question.

15. Defendant's failure(s) to use ordinary care in furnishing Plaintiff with a reasonably safe workplace, machinery, and/or reasonably safe instrumentalities

was/were a proximate cause of the incident in question and Plaintiff's injury resulting from this incident.

16. Defendant's failure(s) to use ordinary care in the supervision, training and/or direction of Plaintiff was/were a proximate cause of the incident in question and Plaintiff's injury resulting from this incident.

17. Defendant's negligent failure to warn Plaintiff of the hazards of his employment that were not commonly known or appreciated by employees, including Plaintiff, was a proximate cause of the incident in question and Plaintiff's injury resulting from this incident.

## CAUSES OF ACTION

18. Plaintiff bases his causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

19. Plaintiff also sues Pilgrim's Pride for violations of its statutorily prescribed fiduciary duties under 29 U.S.C. § 1132(a)(3)(A)&(B); to recover benefits due under the terms of the Plan; and, to enforce rights under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff is entitled to recover statutory, equitable, or remedial relief as deemed appropriate by this Court.

20. Plaintiff would show that Defendant's conduct through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which were a proximate cause of the occurrence or injury

in question and Plaintiff's damages resulting from the occurrence or injury in question.

21. All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

## REQUEST FOR RELIEF

22. Plaintiff has suffered damages in the past as well as in the future.

23. These damages include those damages resulting to Plaintiff conditioned as he was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

24. These damages include physical pain, mental anguish, loss of enjoyment of life, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care including rehabilitative services and devices resulting from the injuries sustained in the occurrence in question.

25. These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

26. In addition to his personal injury damages, Plaintiff has incurred additional economic damages as a result of Pilgrim's Pride's breach of fiduciary duty and failure to provide benefits under the Plan. Plaintiff will continue to suffer future harm as a result of Defendants' conduct. As a result, Plaintiff is entitled to and prays for the following additional damages against Defendant:

    (a) payment of all unpaid and improperly denied medical benefits claims;

(b) equitable relief to include any and all damages necessary to make Plaintiff whole;

(c) a reasonable sum for attorney's fees necessary to enforce Plaintiff's rights under The Plan with conditional sums for the services of Plaintiff's attorneys in the event of subsequent appeals;

## PRAYER FOR JUDGMENT

27. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, jointly and severally, for fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages including actual damages; reasonable and necessary attorney's fees, prejudgment and postjudgment interest; reimbursement of taxable costs; and such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS

BY: ___/s/ Michael Ace_____
Randell C. Roberts
Bar No. 17016490
Randy@RobertsLawFirm.com
Michael Ace
Bar No. 00828800
Mike@RobertsLawFirm.com
118 West Fourth Street
Tyler, TX  75701-4000
Ph:    (903) 597-6655
Fax:   (903) 597-1600
Attorneys for Plaintiff